*amicus curiae* granted.　Certiorari denied. ▇▇▇▇▇▇▇▇

No. 86–2042.　STANDLEY ET AL. *v.* UNITED STATES TAX COURT (COMMISSIONER OF INTERNAL REVENUE, REAL PARTY IN INTEREST).　C. A. 9th Cir.　Motion of petitioners to consolidate this case with No. 86–1217, *Russoniello et al.* v. *Olagues et al.* [certiorari granted, 481 U. S. 1012], denied.　Certiorari denied.

No. 86–2068.　HARDIN *v.* MCMASTER.　C. A. 5th Cir.　Motion of petitioner for leave to proceed as a veteran denied.　Certiorari denied. ▇▇▇▇▇▇▇▇▇▇

No. 86–6765.　MARQUEZ *v.* TEXAS.　Ct. Crim. App. Tex.;

No. 86–6845.　JOHNSON *v.* DUGGER, SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS.　C. A. 11th Cir.;

No. 86–6855.　HOGAN *v.* NEVADA.　Sup. Ct. Nev.;

No. 86–6865.　SNELL *v.* ARKANSAS.　Sup. Ct. Ark.;

No. 86–6878.　ALLEN *v.* CALIFORNIA.　Sup. Ct. Cal.;

No. 86–6880.　RECTOR *v.* TEXAS.　Ct. Crim. App. Tex.;

No. 86–6887.　SOUTH *v.* SOUTH CAROLINA.　Ct. Common Pleas of Lexington County, S. C.;

No. 86–6904.　CANTU *v.* TEXAS.　Ct. Crim. App. Tex.;

No. 86–6933.　JEFFERSON *v.* GEORGIA.　Sup. Ct. Ga.;

No. 86–6937.　HOWARD *v.* NEVADA.　Sup. Ct. Nev.;

No. 86–6941.　BYRD *v.* MISSOURI.　Ct. App. Mo., Eastern Dist.;

No. 86–6953.　THOMPSON *v.* ALABAMA.　Sup. Ct. Ala.;

No. 86–6978.　BOBO *v.* TENNESSEE.　Sup. Ct. Tenn.;

No. 86–6983.　AUSTIN *v.* TENNESSEE.　Ct. Crim. App. Tenn.;

No. 86–6989.　GRANVIEL *v.* TEXAS.　Ct. Crim. App. Tex.;

No. 86–7005.　SPARKS *v.* TENNESSEE.　Sup. Ct. Tenn.;

No. 86–7015.　PERRY *v.* LOUISIANA.　Sup. Ct. La.;

No. 86–7022.　JOHNSON *v.* DUGGER, SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS.　C. A. 11th Cir.;

No. 86–7040.　LAGRAND *v.* ARIZONA.　Sup. Ct. Ariz.;

No. 86–7061.　PALMER *v.* NEBRASKA.　Sup. Ct. Neb.;

No. 86–7074.　LINGAR *v.* MISSOURI.　Sup. Ct. Mo.;

No. 86–7082.　MAY *v.* TEXAS.　Ct. Crim. App. Tex.;

No. 86–7103.　HARRIS *v.* TEXAS.　Ct. Crim. App. Tex.;

No. 86–7112.　LAGRAND *v.* ARIZONA.　Sup. Ct. Ariz.;

No. 86–7114. GRAY *v.* VIRGINIA. Sup. Ct. Va.;

No. 86–7129. POPE *v.* GEORGIA. Sup. Ct. Ga.;

No. 87–5011. DAVIS *v.* DUGGER, SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS. Sup. Ct. Fla.;

No. 87–5025. HILL *v.* ARKANSAS. Sup. Ct. Ark.;

No. 87–5029. CHRISTIANSEN *v.* ILLINOIS. Sup. Ct. Ill.;

No. 87–5033. BUSH *v.* FLORIDA. Sup. Ct. Fla.;

No. 87–5040. WORKMAN *v.* TENNESSEE. Ct. Crim. App. Tenn.;

No. 87–5042. DEMPS *v.* DUGGER, SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS, ET AL. C. A. 11th Cir.;

No. 87–5089. BOLENDER *v.* FLORIDA. Sup. Ct. Fla.;

No. 87–5098. MCNISH *v.* TENNESSEE. Sup. Ct. Tenn.;

No. 87–5100. GUINAN *v.* MISSOURI. Ct. App. Mo., Eastern Dist.;

No. 87–5117. FELDE *v.* BUTLER, WARDEN. C. A. 5th Cir.;

No. 87–5139. TITONE *v.* ILLINOIS. Sup. Ct. Ill.;

No. 87–5152. BANKS *v.* PENNSYLVANIA. Sup. Ct. Pa.;

No. 87–5192. BROWN *v.* KEMP, SUPERINTENDENT, GEORGIA DIAGNOSTIC AND CLASSIFICATION CENTER. Super. Ct. Ga., Butts County;

No. 87–5203. WILLIAMS *v.* DUGGER, SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS. Sup. Ct. Fla.;

No. 87–5215. BATES *v.* FLORIDA. Sup. Ct. Fla.;

No. 87–5258. SILAGY *v.* ILLINOIS. Sup. Ct. Ill.; and

No. 87–5268. MOORE *v.* OKLAHOMA. Ct. Crim. App. Okla. Certiorari denied.

JUSTICE BRENNAN and JUSTICE MARSHALL, dissenting.

Adhering to our views that the death penalty is in all circumstances cruel and unusual punishment prohibited by the Eighth and Fourteenth Amendments, *Gregg* v. *Georgia*, 428 U. S. 153, 227, 231 (1976), we would grant certiorari and vacate the death sentences in these cases.

No. 86–6809. MABRY ET AL. *v.* UNITED STATES. C. A. 10th Cir. Certiorari denied. JUSTICE STEVENS took no part in the consideration or decision of this petition. 

No. 87–40. ALLSTATE INSURANCE CO. *v.* HAWKINS ET UX. Sup. Ct. Ariz. Certiorari denied. JUSTICE STEVENS took no part in the consideration or decision of this petition. 

No. 86–6923. BROWN *v.* DODD, SHERIFF. Sup. Ct. Ga. Certiorari denied.

JUSTICE MARSHALL, with whom JUSTICE BRENNAN joins, dissenting.

I continue to believe that the death penalty is in all circumstances cruel and unusual punishment prohibited by the Eighth and Fourteenth Amendments. See *Gregg* v. *Georgia*, 428 U. S. 153, 231 (1976) (MARSHALL, J., dissenting). But even if I did not hold this view, I would grant the petition for writ of certiorari in order to consider whether a defendant evaluated for competency by a state-appointed examiner has a due process right to an examiner whose qualifications and procedures meet minimal professional standards. The trial court failed to consider this question, and its conclusory order raises doubt as to whether the strictures of due process were met in this case.